930 F.2d 36
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Willie F. WILLIAMS, Jr., Plaintiff-Appellant,
v.
Jim HART and Thomas Guilioli, Defendants-Appellees.
 No. 90-7049.
 United States Court of Appeals, Tenth Circuit.
 March 22, 1991.
 
 Before LOGAN, SEYMOUR and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Willie Williams appeals a district court order dismissing his claims against defendants-appellees Jim Hart, Sheriff of Okmulgee County, Oklahoma, and Thomas Guilioli, District Attorney of Okmulgee County, in a suit seeking equitable relief and money damages for alleged constitutional violations pursuant to 42 U.S.C. Sec. 1983. On appeal, Williams argues the district court erred in considering a report prepared by the sheriff's office about Williams' treatment in the county jail. He further argues the court erred in dismissing Williams' claims against Hart based on (1) jail officials subjecting Williams to unconstitutional jail conditions, (2) officials striking Williams with a chair, (3) officials intentionally depriving him of his Bible in violation of the first amendment, (4) officials placing Williams in "lockdown" in violation of the due process clause, and (5) jail officials denying him access to a law library. Williams also contends the court erred in dismissing his claim that Hart violated Williams' constitutional rights when jail officials exposed Williams to AIDS through the use of contaminated razors, tampered with his personal belongings, and improperly demanded personal information, and when Hart himself made Williams attend a "bogus" hearing. Finally, Williams argues the court erred in dismissing his claims against Giulioli because Giulioli's actions in the courtroom were prosecutorial acts performed within the scope of his duties as district attorney, thereby entitling him to absolute immunity. We exercise jurisdiction under 28 U.S.C. Sec. 1291, waive fees, and affirm.
 
 
 3
 Williams first contends the district court should not have considered a special report prepared by the sheriff's office about his treatment in the county jail. We disagree. In Martinez v. Aaron, 570 F.2d 317, 318-19 (10th Cir.1978) (en banc), we held it is not error for a district court to order prison officials to investigate alleged misconduct in the prison and prepare a written report. We explained an investigation may be necessary to construct an administrative record so that a district court can consider preliminary issues. Id. Here, the record indicates the district court ordered jail officials to file a special report as authorized by Martinez. We hold that the district court did not err in considering information contained in a special report that was sworn and signed by the acting sheriff.
 
 
 4
 Williams next contends Hart violated the eighth amendment because prison officials subjected Williams to unconstitutional conditions of confinement in the county jail. We disagree. A supervisor cannot be liable in either an official or personal capacity unless an "affirmative link" exists between an alleged constitutional violation and the supervisor's exercise of control or direction, or his failure to supervise. McKay v. Hammock, 730 F.2d 1367, 1374 (10th Cir.1984) (quoting Rizzo v. Goode, 423 U.S. 362 (1976)); see Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (10th Cir.1984). A supervisor may be held liable when there is a complete failure to train subordinates or training that is so reckless or grossly negligent that future misconduct is almost inevitable. See Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir.1988) (citing Hays v. Jefferson County, 688 F.2d 869, 873-74 (6th Cir.), cert. denied, 489 U.S. 833 (1982)). Additionally, a supervisor may be liable when he knew or should have known of subordinates' misconduct and failed to prevent future harm. Anthony v. Baker, 767 F.2d 657, 666 (10th Cir.1985).
 
 
 5
 Construing the complaint liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we find it nowhere alleges that Hart knew or should have known of deprivations of toilet facilities, clothing, blankets, mattresses, clean towels, or showers or he inadequately trained subordinates who failed to provide these basis human needs to Williams. Likewise, the complaint nowhere alleges Hart knew of or inadequately trained jail officials who struck Williams with a chair and allegedly prevented Williams from seeing a doctor for his resulting injuries.
 
 
 6
 Williams also contends Hart violated his first amendment rights because jail officials deprived him of his Bible and other religious materials. We disagree. Williams nowhere alleges Hart knew or should have known of or inadequately trained subordinates who engaged in this unconstitutional conduct. Likewise, Williams nowhere alleges Hart knew or should have known of or inadequately trained subordinates who were responsible for violating Williams' due process rights by housing him in lockdown or not allowing him access to a law library.
 
 
 7
 We conclude none of Williams' allegations against Hart in either an official or personal capacity contain the requisite "affirmative link" between a constitutional violation and Hart's supervisory responsibilities. This case is unlike the situation in Hammock, 730 F.2d at 1374, where the plaintiff alleged the sheriff knowingly was involved in constitutional deprivations, or the situation in Grubbs, 841 F.2d at 1528, where the plaintiff alleged a sheriff customarily failed to supervise deputies and was deliberately indifferent to the plaintiff's constitutional rights. Therefore, we dismiss all these claims against Hart under Rule 12(b)(6) of the Federal Rules of Civil Procedure as "a matter of law because 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " Neitzke v. Williams, 109 S.Ct. 1827, 1832 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).
 
 
 8
 Williams also contends Hart was responsible for jail officials exposing him to AIDS through the use of contaminated razors. Although the basis of this claim is unclear in the complaint, the Martinez report helps to clarify Williams' allegations. The report explains Williams was provided with a fresh new razor three times a week that jail officials kept separate from other prisoners' razors until new ones were issued. According to the report, there have been no cases of AIDS in the county jail. Evidently, Williams is convinced jail officials mixed his razors with razors used by other inmates who might have exposed him to AIDS. Because we find Williams' claim about intentional exposure to AIDS describes a "fantastic or delusional scenario[ ]", Neitzke, 109 S.Ct. at 1833, we dismiss it as frivolous under 28 U.S.C. Sec. 1915. Likewise, we dismiss as frivolous under section 1915 Williams' claims against Hart for possible "tampering" with Williams' personal belongings, improperly demanding personal information, and forcing him to attend a "bogus" hearing.
 
 
 9
 Additionally, Williams contends the district court should not have dismissed his constitutional claims against Guilioli for requesting identification at a court hearing and recommending bail. We disagree. A prosecutor is absolutely immune from liability for money damages under section 1983 for activities associated with "initiating a prosecution [and] presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); see also Rex v. Teeples, 753 F.2d 840, 843 (10th Cir.), cert. denied, 474 U.S. 967 (1985). The district attorney's actions during the court hearing clearly are associated with initiating a prosecution and presenting the state's case. Thus, Guilioli's actions are protected from liability under section 1983 for money damages by the doctrine of absolute immunity. We conclude it was proper for the district court to dismiss Williams' claims for money damages against Guilioli under 28 U.S.C. Sec. 1915. Further, we are convinced Williams' claims for equitable relief against Guilioli also should be dismissed as frivolous under section 1915. Finally, we dismiss as frivolous under section 1983 Williams' claim that Guilioli somehow was responsible for Williams being denied medical attention.
 
 
 10
 We find Williams has not advanced a reasoned argument on either the law or facts in support of his claims. See Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). However, we WAIVE the fees, address the merits of these claims, and DISMISS the appeal. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3