25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Allen JUSTUS, Plaintiff-Appellant,
v.
Gary D. MAYNARD, Warden, Defendant-Appellee, and
Steve Hargett, Deputy Warden; Frank Marks, Chaplain;
Donald Lankford, Food Supervisor, Defendants.
 No. 93-7078.
 United States Court of Appeals, Tenth Circuit.
 June 3, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In 1986, plaintiff Allen Justus brought a claim under 42 U.S.C.1983 against various officials of the Oklahoma Department of Corrections requesting injunctive relief and compensatory and punitive damages arising from injuries allegedly sustained by application of the Department's prisoner grooming policy. In 1992, after years of protracted litigation, this court in Longstreth v. Maynard, 961 F.2d 895, 902 (10th Cir.1992), held that the code was "facially valid as a general penal regulation." However, we reversed the district court's grant of summary judgment to defendants because plaintiff's First Amendment challenge to the regulations as applied to him had raised "genuine issues of material fact as to the religious nature of the belief of [plaintiff] and as to his sincerity in that belief." Id. The case was remanded to the district court for further factual findings. Id. It is undisputed that since the remand plaintiff has received and continues to enjoy an exemption from the prison grooming regulations. R. tab 116(a).
 
 
 3
 On July 6, 1993, the district court filed an order which states in its entirety: "This action is hereby closed, as Plaintiff has received a grooming code exemption. Regarding damages, Defendants are clearly entitled to qualified immunity from any damage claim. See Defendants' motion for summary judgment and Longstreth v. Maynard, 961 F.2d 895, 902 n. 6 (10th Cir.1992)." R. tab 117. Plaintiff argues that the grant of qualified immunity to defendants was error. We disagree. Because the law regarding the constitutionality of prison grooming codes was not clearly established at the time of defendants' actions, we affirm the judgment of the district court.
 
 
 4
 "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Whether the law at issue here was clearly established is a question of law accorded de novo review by this court. Patrick v. Miller, 953 F.2d 1240, 1243 (10th Cir.1992).
 
 
 5
 Although qualified immunity is a defense which must be pleaded by the defendant, see Gomez v. Toledo, 446 U.S. 635, 640 (1980), once the defendant raises qualified immunity, the burden of proof is on the plaintiff to show that the right allegedly violated was clearly established at the time of the challenged conduct. See, e.g., Dixon v. Richer, 922 F.2d 1456, 1460 (10th Cir.1991). Thus, plaintiff must prove that, as applied to him under the circumstances of his case, the contours of his religious right to grow his hair and avoid shaving were "sufficiently clear that a reasonable official would understand that what he [was] doing violate[d] that right....[I]n the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987).
 
 
 6
 Plaintiff has cited law which upholds an inmate's general right to religious freedom within the constraints of a prison system. See Patrick v. LeFevre, 745 F.2d 153 (2d Cir.1984); Battle v. Anderson, 376 F.Supp. 402, 427 (E.D. Okla.1974), rev'd in part, 993 F.2d 1551 (10th Cir.1993). These cases, however, and others dealing with the right to religious freedom of the general population, see, e.g., Frazee v. Illinois Dep't of Employment Security, 489 U.S. 829 (1989), do not clearly establish the law regarding enforcement of a prison grooming policy which allegedly interfered with religious practice.[2] Indeed, a reading of Longstreth itself confirms that, far from being "clearly established," the law at the time of defendants' actions was distinctly unsettled.
 
 
 7
 Longstreth was the consolidation of three appeals from Oklahoma prisoners involving the same state prison grooming code. In the case of plaintiff Longstreth, the district court had held the grooming code to be reasonably related to legitimate penological interests under Turner v. Safley, 482 U.S. 78 (1987), and denied Longstreth's motion for a preliminary injunction. Longstreth, 961 F.2d at 898, 902. Plaintiff Mosier's claim for injunctive relief was similarly denied by a district court. Id. at 902-03. The district court in plaintiff's case had granted summary judgment to defendants on the grooming claim. Id. at 897.
 
 
 8
 In contrast, LeFors v. Maynard, No. CIV-91-1521-R (W.D. Okla. Jan. 2, 1992), had held that the security concerns of the defendants were not rationally related to the grooming code. Longstreth, 961 F.2d at 899. The LeFors court held the code unconstitutional, but retained jurisdiction to allow defendants to notify the court of any undue burden or security problems relating to the abolition of the code. Id. Most importantly, this court in Hall v. Bellmon, 935 F.2d 1106, 1114 (10th Cir.1991), held that the same grooming code was acceptable at an intake prison facility even in the absence of exemption procedures.
 
 
 9
 In addition to the split of opinion from the district courts of this circuit and this court's decision in Hall upholding the code in another setting, other circuit courts had held similar prison grooming regulations to be constitutional even before plaintiff filed his suit. See Hill v. Blackwell, 774 F.2d 338 (8th Cir.1985); Wilson v. Schillinger, 761 F.2d 921 (3d Cir.1985), petition to vacate denied, 475 U.S. 1008, cert. denied, 475 U.S. 1096 (1986).[3]
 
 
 10
 In order to be clearly established for purposes of qualified immunity analysis, the law must have been sufficiently developed to inform defendants that their conduct was illegal. Patrick, 953 F.2d at 1249. Because the law regarding the constitutionality of Oklahoma's prison grooming policy as applied to plaintiff was not clearly established at the time of defendants' actions, defendants are entitled to qualified immunity.
 
 
 11
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Inmates must be given a reasonable opportunity to pursue their religious beliefs. The contours of that opportunity, however, must be viewed in light of the legitimate penological interests of the prison. Thus, the reasonableness inquiry is less stringent than what ordinarily might apply to nonprisoners. Mosier v. Maynard, 937 F.2d 1521, 1525 (10th Cir.1991)
 
 
 [3]
 Reference to cases from other circuits is appropriate when evaluating whether law is clearly established. Patrick v. Miller, 953 F.2d 1240, 1249 (10th Cir.1992)