**Donnie Edward JOHNSON**

v.

**George LITTLE and Ricky Bell**

No. 3:06–0916.

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 16, 2006.

---

Jeff Ward, Ward Law Firm, Munford, TN, for Donnie Edward Johnson.

Mark Alexis Hudson, Martha A. Campbell, Tennessee Attorney General's Office, Nashville, TN, for George Little and Ricky Bell.

## MEMORANDUM

CAMPBELL, District Judge.

### I. *Introduction*

Pending before the Court is a Motion To Dismiss Of Defendants Little And Bell (Docket No. 7). Plaintiff has filed an Answer to the Motion to Dismiss (Docket No. 12). For the reasons set forth below, the Motion is GRANTED.

Plaintiff, who is scheduled to be executed on October 25, 2006, has filed a Complaint under 42 U.S.C. Section 1983 alleging that Tennessee Code Annotated Section 40–23–114 violates the constitutional prohibition on the enactment of ex post facto laws, his right to freedom of religion guaranteed by the First Amendment, and his right to be free from cruel and unusual punishment guaranteed by the Eighth Amendment. (Complaint, Docket No. 1). Plaintiff states that the "forms of execution or the constitutionality of any form of execution are not part of this suit." (Answer, Docket No. 12, p. 4).

Section 40–23–114 currently provides as follows:

(a) For any person who commits an offense for which such person is sentenced to the punishment of death, the method for carrying out this sentence shall be by lethal injection.

(b) Any person who commits an offense prior to January 1, 1999, for which such person is sentenced to the punishment of death may elect to be executed by electrocution by signing a written waiver waiving the right to be executed by lethal injection.

(c) The department of correction is authorized to promulgate necessary rules and regulations to facilitate the implementation of this section.

(d) If lethal injection or electrocution is held to be unconstitutional by the Tennessee Supreme Court under the Constitution of Tennessee, or held to be unconstitutional by the United States Supreme Court under the United States Constitution, or if the United States Supreme Court declines to review any judgment holding lethal injection or electrocution to be unconstitutional under the United States Constitution made by the Tennessee Supreme Court or the United States Court of Appeals that has jurisdiction over Tennessee, or if the Tennessee Supreme Court declines to review any judgment by the Tennessee Court of Criminal Appeals holding lethal injection or electrocution to be unconstitutional under the United States or Tennessee Constitution, all persons sentenced to death for a capital crime shall be executed by any constitutional method of execution. No sentence of death shall be reduced as a result of a determination that a method of execution is declared unconstitutional under the Constitution of Tennessee or

the Constitution of the United States. In any case in which an execution method is declared unconstitutional, the death sentence shall remain in force until the sentence can be lawfully executed by any valid method of execution.

Tenn.Code Ann. § 40–23–114. In 1998, the Tennessee legislature added the provision permitting an inmate sentenced to death by electrocution to choose lethal injection instead. In 2000, the legislature added the section providing that unless the inmate affirmatively chose to die by electrocution, he would be executed by lethal injection.

Through the Motion To Dismiss, the Defendants argue that Plaintiff has been dilatory in raising the challenges; the statute of limitations bars the action; Plaintiff has waived his right to challenge electrocution; and that Plaintiff's constitutional claims should be dismissed on the merits. As the Court agrees that Plaintiff's constitutional challenges should be dismissed on the merits, it is unnecessary to consider Defendants' other arguments.

## II. *Analysis*

### A. *Ex Post Facto*

Plaintiff contends that Section 40–23–114 violates the Ex Post Facto Clause, Article 1, Section 10 of the United States Constitution, because it is "overly burdensome" to him. (Complaint, Docket No. 1, p. 3). The Complaint alleges that Plaintiff was sentenced to death by electrocution in October, 1985. As noted above, the statute was subsequently amended—in 1998, to permit an inmate sentenced to die by electrocution to choose lethal injection instead, and in 2000, to make lethal injection the method of execution unless the inmate affirmatively chooses electrocution.

■ The Supreme Court has explained that the Ex Post Facto Clause prohibits

" 'any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed…' " *Collins v. Youngblood,* 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990)(quoting *Beazell v. Ohio* 269 U.S. 167, 46 S.Ct. 68, 69, 70 L.Ed. 216 (1925)).

In *Poland v. Stewart,* 117 F.3d 1094, 1104–05 (9th Cir.1997), the Ninth Circuit addressed an argument similar to that made by Plaintiff here. In *Poland,* an inmate sentenced to die by lethal gas was given an option under state law to choose lethal injection instead, and if he failed to make a choice, would be executed by lethal injection. *Id.,* at 1104. In rejecting his ex post facto argument, the court stated:

First, he contends that by making him choose his method of execution, the state has violated his rights under the Ex Post Facto Clause. While the argument is not entirely clear, it appears to be that the penalty is "enlarged" because Poland is forced to choose his method of execution. However, Poland need make no choice. If he says nothing, he will be executed by lethal injection. The mere existence of the option is not a violation of Poland's constitutional rights. *See Campbell v. Wood,* 18 F.3d at 688.

Furthermore, the sentence was death, and that sentence remains in place. The change in method does not make the sentence more burdensome and so does not violate the Ex Post Facto Clause. *Collins v. Youngblood,* 497 U.S. 37, 52, 110 S.Ct. 2715, 2724, 111 L.Ed.2d 30 (1990).

117 F.3d at 1105.

This Court agrees with the *Poland* court that providing an inmate with a choice of

the method of execution, or permitting him to exercise no choice at all, does not make the death penalty punishment more burdensome or otherwise violate the Ex Post Facto Clause. Accordingly, Plaintiff's ex post facto challenge is dismissed.

### B. *Freedom of Religion*

Next, Plaintiff argues that requiring him to choose, or not to choose, the method of execution violates his religious beliefs, though he does not specify the exact nature of those beliefs. The First Amendment prohibits laws that impermissibly burden the free exercise of religion. *See, e.g., Frazee v. Illinois Dep't of Employment Security*, 489 U.S. 829, 832, 109 S.Ct. 1514, 103 L.Ed.2d 914 (1989).

The Ninth Circuit addressed a similar challenge in *Campbell v. Wood*, 18 F.3d 662 (9th Cir.1994). In *Campbell*, the court stated:

> Campbell's First Amendment challenge is premised on the Free Exercise Clause. He contends that his religious beliefs preclude him from participating at any level in his own execution, and that these beliefs are infringed upon by Wash.Rev.Code 10.95.180, which allows him to elect lethal injection and avoid death by judicial hanging.
>
> We see no infringement upon Campbell's free exercise of his religious beliefs. We agree with Campbell that a statute providing for a choice between two methods of execution, one constitutional and the other unconstitutional, might place an impermissible burden on the free exercise of the asserted beliefs. *See Frazee v. Illinois Dep't of Employ. Security*, 489 U.S. 829, 832, 109 S.Ct. 1514, 1516, 103 L.Ed.2d 914 (1989). This is not, however, the situation here.
>
> First, Campbell is not required to make any choice or to participate in the selection of the method to be employed in his execution. He may remain absolutely silent and refuse to participate in any election. The statute provides for imposition of the death penalty by hanging, and does not require him to choose the method of his execution. Second, as described above, we hold today that judicial hanging, as conducted according to the Washington protocol, is not an unconstitutional method of execution. The statute does not compel Campbell to compromise one constitutional right to avoid the infringement of another.

18 F.3d at 687.

■ As in *Campbell*, the Plaintiff in this case is not required to make any choice or to participate in the selection of the method of execution. He may remain silent, and if he does so, the statute provides that he will die by lethal injection. Plaintiff's free exercise of religion is not violated by forcing him to choose, or not to choose, the method of execution. This claim is without merit and is dismissed.

### C. *Cruel and Unusual Punishment*

Finally, Plaintiff claims that forcing him to choose his method of execution, or forcing him not to choose, violates his Eighth Amendment rights against cruel and unusual punishment. The Eighth Amendment prohibits punishments that involve the unnecessary and wanton inflictions of pain, or that are inconsistent with evolving standards of decency that mark the progress of a maturing society. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 102–03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

■ The *Campbell* court considered and rejected a similar Eighth Amendment claim:

> Campbell also argues that the statutory provision of an option for death by

lethal injection constitutes cruel and unusual punishment. We need not, and do not, address whether lethal injection is a constitutional method of execution, as Campbell has consistently refused to exercise the option, and does not claim that lethal injection is unconstitutional. Campbell faces a heavy burden in attempting to show that the existence of an option related to his execution is cruel and unusual. *See Gregg*, 428 U.S. at 175, 96 S.Ct. at 2926. We cannot say the State descends to inhuman depths by allowing the condemned to exercise such an election. We believe that benefits to prisoners who may choose to exercise the option and who may feel relieved that they can elect lethal injection outweigh the emotional costs to those who find the mere existence of an option objectionable.

18 F.3d at 688. The Fourth Circuit has cited the reasoning of the *Campbell* court in holding that permitting choice of the method of execution under a similar statute does not violate the Eighth Amendment prohibition on cruel and unusual punishment. *Hunt v. Nuth*, 57 F.3d 1327, 1337–38 (4th Cir.1995).

This Court is also persuaded by the reasoning of the *Campbell* court. The existence of an option that the Plaintiff may choose to exercise, or may choose not to exercise, standing alone, does not constitute cruel and unusual punishment. Thus, Plaintiff's Eighth Amendment claim is also dismissed.

### III. *Conclusion*

For the reasons set forth above, Plaintiff's claims are without merit and are dismissed.

It is so ORDERED.