# FRAZEE *v.* ILLINOIS DEPARTMENT OF EMPLOY-MENT SECURITY ET AL.

No. 87–1945.   Argued March 1, 1989—Decided March 29, 1989

WHITE, J., delivered the opinion for a unanimous Court.

*David A. French* argued the cause for appellant. With him on the briefs was *John W. Whitehead.*

*Robert J. Ruiz,* Solicitor General of Illinois, argued the cause for appellees. With him on the brief were *Neil F. Hartigan,* Attorney General, and *Diane Curry Grapsas* and *Marcy I. Singer,* Assistant Attorneys General.*

JUSTICE WHITE delivered the opinion of the Court.

The Illinois Unemployment Insurance Act provides that "[a]n individual shall be ineligible for benefits if he has failed, without good cause, either to apply for available, suitable work when so directed . . . or to accept suitable work when offered him . . . ." Ill. Rev. Stat., ch. 48, ¶ 433 (1986). In April 1984, William Frazee refused a temporary retail position offered him by Kelly Services because the job would have required him to work on Sunday. Frazee told Kelly that, as a Christian, he could not work on "the Lord's day." Frazee then applied to the Illinois Department of Employment Security for unemployment benefits claiming that there was good cause for his refusal to work on Sunday. His application was denied. Frazee appealed the denial of benefits to the Department of Employment Security's Board of Review, which also denied his claim. The Board of Review stated: "When a refusal of work is based on religious convictions, the refusal must be based upon some tenets or dogma accepted by the individual of some church, sect, or denomination, and such a refusal based solely on an individual's personal belief is personal and noncompelling and does not render the work un-

---

*Briefs of *amici curiae* urging reversal were filed for the American Jewish Congress et al. by *Amy Adelson, Lois C. Waldman,* and *Marc D. Stern;* for the Anti-Defamation League of B'nai B'rith by *Steven M. Freeman, Meyer Eisenberg, Jeffrey P. Sinensky, Jill L. Kahn,* and *Richard E. Shevitz;* for the Council on Religious Freedom et al. by *Lee Boothby, Samuel Rabinove, Richard T. Foltin, Robert W. Nixon,* and *Rolland Truman;* and for Robert Roesser et al. by *Bruce N. Cameron.*

suitable." App. 18–19. The Board of Review concluded that Frazee had refused an offer of suitable work without good cause. The Circuit Court of the Tenth Judicial Circuit of Illinois, Peoria County, affirmed, finding that the agency's decision was "not contrary to law nor against the manifest weight of the evidence," thereby rejecting Frazee's claim based on the Free Exercise Clause of the First Amendment. *Id.*, at 23.

Frazee's free exercise claim was again rejected by the Appellate Court of Illinois, Third District. 159 Ill. App. 3d 474, 512 N. E. 2d 789 (1987). The court characterized Frazee's refusal to work as resting on his "personal professed religious belief," and made it clear that it did "not question the sincerity of the plaintiff," *id.*, at 475, 477, 512 N. E. 2d, at 790, 791. It then engaged in a historical discussion of religious prohibitions against work on the Sabbath and, in particular, on Sunday. Nonetheless, the court distinguished *Sherbert* v. *Verner*, 374 U. S. 398 (1963); *Thomas* v. *Review Bd. of Indiana Employment Security Div.*, 450 U. S. 707 (1981); and *Hobbie* v. *Unemployment Appeals Comm'n of Florida*, 480 U. S. 136 (1987), from the facts of Frazee's case. Unlike the claimants in *Sherbert*, *Thomas*, and *Hobbie*, Frazee was not a member of an established religious sect or church, nor did he claim that his refusal to work resulted from a "tenet, belief or teaching of an established religious body." 159 Ill. App. 3d, at 477, 512 N. E. 2d, at 791. To the Illinois court, Frazee's position that he was "a Christian" and as such felt it wrong to work on Sunday was not enough. For a Free Exercise Clause claim to succeed, said the Illinois Appellate Court, "the injunction against Sunday labor must be found in a tenet or dogma of an established religious sect. [Frazee] does not profess to be a member of any such sect." *Id.*, at 478–479, 512 N. E. 2d, at 792. The Illinois Supreme Court denied Frazee leave to appeal.

The mandatory appellate jurisdiction of this Court was invoked under 28 U. S. C. § 1257(2), since the state court

rejected a challenge to the constitutionality of Illinois' statutory "good cause" requirement as applied in this case. We noted probable jurisdiction, 488 U. S. 814 (1988), and now reverse.

We have had more than one occasion before today to consider denials of unemployment compensation benefits to those who have refused work on the basis of their religious beliefs. In *Sherbert* v. *Verner, supra,* at 410, the Court held that a State could not "constitutionally apply the eligibility provisions [of its unemployment-compensation program] so as to constrain a worker to abandon his religious convictions respecting the day of rest." *Thomas* v. *Review Bd. of Indiana Employment Security Div., supra,* also held that the State's refusal to award unemployment compensation benefits to one who terminated his job because his religious beliefs forbade participation in the production of armaments violated the First Amendment right to free exercise. Just two years ago, in *Hobbie* v. *Unemployment Appeals Comm'n of Florida, supra,* Florida's denial of unemployment compensation benefits to an employee discharged for her refusal to work on her Sabbath because of religious convictions adopted subsequent to employment was also declared to be a violation of the Free Exercise Clause. In each of these cases, the appellant was "forced to choose between fidelity to religious belief and . . . employment," *id.,* at 144, and we found "the forfeiture of unemployment benefits for choosing the former over the latter brings unlawful coercion to bear on the employee's choice," *ibid.* In each of these cases, we concluded that the denial of unemployment compensation benefits violated the Free Exercise Clause of the First Amendment of the Constitution, as applied to the States through the Fourteenth Amendment.

It is true, as the Illinois court noted, that each of the claimants in those cases was a member of a particular religious sect, but none of those decisions turned on that consideration or on any tenet of the sect involved that forbade the work the

claimant refused to perform. Our judgments in those cases rested on the fact that each of the claimants had a sincere belief that religion required him or her to refrain from the work in question. Never did we suggest that unless a claimant belongs to a sect that forbids what his job requires, his belief, however sincere, must be deemed a purely personal preference rather than a religious belief. Indeed, in *Thomas*, there was disagreement among sect members as to whether their religion made it sinful to work in an armaments factory; but we considered this to be an irrelevant issue and hence rejected the State's submission that unless the religion involved formally forbade work on armaments, Thomas' belief did not qualify as a religious belief. Because Thomas unquestionably had a sincere belief that his religion prevented him from doing such work, he was entitled to invoke the protection of the Free Exercise Clause.

There is no doubt that "[o]nly beliefs rooted in religion are protected by the Free Exercise Clause," *Thomas, supra*, at 713. Purely secular views do not suffice. *United States* v. *Seeger*, 380 U. S. 163 (1965); *Wisconsin* v. *Yoder*, 406 U. S. 205, 215–216 (1972). Nor do we underestimate the difficulty of distinguishing between religious and secular convictions and in determining whether a professed belief is sincerely held. States are clearly entitled to assure themselves that there is an ample predicate for invoking the Free Exercise Clause. We do not face problems about sincerity or about the religious nature of Frazee's convictions, however. The courts below did not question his sincerity, and the State concedes it. Tr. of Oral Arg. 35. Furthermore, the Board of Review characterized Frazee's views as "religious convictions," App. 18, and the Illinois Appellate Court referred to his refusal to work on Sunday as based on a "personal professed religious belief," 159 Ill. App. 3d, at 475, 512 N. E. 2d, at 790.[1]

---

[1] From the very first report of the Illinois Division of Unemployment Insurance claims adjudicator, Frazee's refusal of Sunday work has been de-

Frazee asserted that he was a Christian, but did not claim to be a member of a particular Christian sect. It is also true that there are assorted Christian denominations that do not profess to be compelled by their religion to refuse Sunday work, but this does not diminish Frazee's protection flowing from the Free Exercise Clause. *Thomas* settled that much. Undoubtedly, membership in an organized religious denomination, especially one with a specific tenet forbidding members to work on Sunday, would simplify the problem of identifying sincerely held religious beliefs, but we reject the notion that to claim the protection of the Free Exercise Clause, one must be responding to the commands of a particular religious organization. Here, Frazee's refusal was based on a sincerely held religious belief. Under our cases, he was entitled to invoke First Amendment protection.[2]

The State does not appear to defend this aspect of the decision below. In its brief and at oral argument, the State conceded that the Free Exercise Clause does not demand adherence to a tenet or dogma of an established religious sect. Instead, the State proposes its own test for identifying a "religious" belief, asserts that Frazee has not met such a test, and asks that we affirm on this basis. We decline to address this submission; for as the case comes to us, Frazee's conviction was recognized as religious but found to be inadequate

---

scribed as "due to his religious convictions." In his application for reconsideration of the referee's determination, Frazee stated: "I refused the job which required me to work on Sunday based on Biblical principles, scripture Exodus 20: 8, 9, 10. Remember the Sabbath day by keeping it holy. Six days you shall labour and do all your work but the seventh day is a Sabbath to the Lord your God. On it you shall not do any work."

[2] We noted in *Thomas* v. *Review Bd. of Indiana Employment Security Div.*, 450 U. S. 707, 715 (1981), that an asserted belief might be "so bizarre, so clearly nonreligious in motivation, as not to be entitled to protection under the Free Exercise Clause." But that avails the State nothing in this case. As the discussion of the Illinois Appellate Court itself indicates, claims by Christians that their religion forbids Sunday work cannot be deemed bizarre or incredible.

because it was not claimed to represent a tenet of a religious organization of which he was a member. That ground for decision was clearly erroneous.

The State offers no justification for the burden that the denial of benefits places on Frazee's right to exercise his religion. The Illinois Appellate Court ascribed great significance to America's weekend way of life. The Illinois court asked: "What would Sunday be today if professional football, baseball, basketball, and tennis were barred. Today Sunday is not only a day for religion, but for recreation and labor. Today the supermarkets are open, service stations dispense fuel, utilities continue to serve the people and factories continue to belch smoke and tangible products," concluding that "[i]f all Americans were to abstain from working on Sunday, chaos would result." 159 Ill. App. 3d, at 478, 512 N. E. 2d, at 792. We are unpersuaded, however, that there will be a mass movement away from Sunday employ if William Frazee succeeds in his claim.

As was the case in *Thomas* where there was "no evidence in the record to indicate that the number of people who find themselves in the predicament of choosing between benefits and religious beliefs is large enough to create 'widespread unemployment,' or even to seriously affect unemployment," 450 U. S., at 719, there is nothing before us in this case to suggest that Sunday shopping, or Sunday sporting, for that matter, will grind to a halt as a result of our decision today. And, as we have said in the past, there may exist state interests sufficiently compelling to override a legitimate claim to the free exercise of religion. No such interest has been presented here.

The judgment of the Appellate Court of Illinois for the Third District is therefore reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*