Victor LAMBERT, Plaintiff,

v.

CONDOR MANUFACTURING, INC.,
a Michigan Corporation,
Defendant.

No. 90–73844.

United States District Court,
E.D. Michigan, S.D.

June 20, 1991.

---

Donna Jarvis, Robert J. Dinges & Associates, Detroit, Mich., for plaintiff.

Carl F. Jarboe, Abbott, Nicholson, Quilter, Esshaki & Youngblood, Detroit, Mich., for defendant.

## OPINION OF THE COURT

DUGGAN, District Judge.

This case concerns a religious discrimination claim brought by Victor Lambert, a discharged employee. Plaintiff contends that he was required to work in an area where other employees displayed nude photographs of women and that this violates his religious beliefs.

Plaintiff refused to continue working in that area, and he was discharged.

Plaintiff filed suit alleging that his employment was terminated in violation of Title VII and in violation of the Michigan Elliot–Larsen Civil Rights Act.

He alleges that the defendant violated these statutes by:

1) Failing to provide a work environment free of sexually explicit pictures; and

2) Terminating plaintiff because of his religious beliefs.

Defendant Condor has filed this motion for summary judgment alleging primarily that Lambert has failed to meet the elements of a prima facie case of religious discrimination.

Title VII forbids the discharge of any employee on the basis of religion. 42 U.S.C. § 2000e–2(a)(1).

Title VII also provides:

"The term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's religious observance or practice without undue

hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

■ A prima facie case of religious discrimination under Title VII is made by a plaintiff showing:

1) That he holds a sincere religious belief that conflicts with an employment requirement;

2) That he has informed the employer about the conflicts; and,

3) That he was discharged or disciplined for failing to comply with the conflicting employment requirement. *Smith v. Pyro Mining Co.*, 827 F.2d 1081 (6th Cir.1987).

According to *Smith:*

"Once the employee has established a prima facie case, the burden shifts to the employer to prove that it cannot reasonably accommodate the employee without incurring undue hardship." (*Smith* at 1085).

In this case, the defendant argues first that plaintiff has not established that he held a sincere religious belief as to these pictures. Defendant contends that plaintiff's objections relate to his personal moral beliefs rather than any organized religious teachings or doctrines.

■ The standard of "sincerely held religious belief" was addressed by the Supreme Court in *Frazee v. Illinois Department of Employment Security*, 489 U.S. 829, 109 S.Ct. 1514 at p. 1517, 103 L.Ed.2d 914 as follows:

"Our judgments in those cases rested on the fact that each of the claimants had a sincere belief that religion required him or her to refrain from the work in question. Never did we suggest that unless a claimant belongs to a sect that forbids what his job requires, his belief, however sincere, must be deemed a purely personal preference rather than a religious belief. Indeed, in *Thomas v. Review Board of Indiana Employment Security Div.* [450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981) ], there was disagreement among sect members as to whether their religion made it sinful to work in an armaments factory; but we considered this to be an irrelevant issue and hence rejected the State's submission that unless the religion involved formally forbade work on armaments, Thomas' belief did not qualify as a religious belief. Because Thomas unquestionably had a sincere belief that his religion prevented him from doing such work, he was entitled to invoke the protection of the Free Exercise Clause."

Although this case was decided as a First Amendment case rather than a Title VII case, this Court believes that this language is instructive as to the standard that should be applied in evaluating sincerity of religious beliefs, and whether religious beliefs must be based upon organized or recognized teachings of a particular sect.

■ In this Court's opinion a genuine issue of fact remains as to the sincerity of plaintiff's religious beliefs.

Defendant contends that the plaintiff never informed it of his religious objections as to these pictures, which is necessary to satisfy the second prong of a prima facie case.

Plaintiff, however, has referenced deposition testimony that he spoke to Crites on at least three occasions concerning his religious objections to the pictures.

In this Court's opinion, an issue of fact exists on this issue.

There is no dispute that plaintiff was discharged for failing to comply with the requirement that he operate the machine.

Plaintiff, in this Court's opinion, has set out a sufficient prima facie case to withstand this motion for summary judgment. He has alleged that his refusal to work on the machine by the pictures was based on a sincere religious belief.

He has stated that he informed management that he objected to the pictures on religious grounds, and that he was terminated for refusing to work on the machine.

■ After setting forth a prima facie case of religious discrimination, the burden shifts to the employer to show that it could

not reasonably accommodate the employee without undue hardship.

▮ Defendant contends that its offer to transfer plaintiff to another shift represented a reasonable offer of accommodation on its part.

Plaintiff asserts that this accommodation was not reasonable; that it would have required him to change shifts.

Plaintiff also contends that the offer to transfer him to another shift was not made as an attempt to accommodate his religious views. Plaintiff's preferred accommodation was for Condor to have required removal of the offensive pictures.

In *Ansonia Board of Education v. Philbrook*, 479 U.S. 60, 107 S.Ct. 367, 93 L.Ed.2d 305 (1986) the appellate court held that:

"The accommodation obligation includes a duty to accept the proposal the employee prefers unless that accommodation causes undue hardship on the employer's conduct of the business."

The Supreme Court rejected this standard, and held:

"We find no basis in either the statute or its legislative history for requiring an employer to choose any particular reasonable accommodation. By its very terms, the statute directs that any reasonable accommodation by the employer is sufficient to meet its accommodation obligation.... [W]here an employer has already reasonably accommodated the employee's religious needs, the statutory inquiry is at an end. The employer need not further show that each of the employee's alternative accommodations would result in undue hardship." (*Ansonia*, 107 S.Ct. at p. 372).

Thus, the proper inquiry is whether defendant's initial proposal that plaintiff work a late shift represented a reasonable accommodation.

The Sixth Circuit has discussed the issue of accommodation and stated:

"Although the burden is on the employer to accommodate the employee's religious needs, the employee must make some effort to cooperate with an employer's attempt at accommodation."

The Sixth Circuit went on to state:

"The reasonableness of an employer's attempt at accommodation cannot be determined in a vacuum. Instead, it must be determined on a case-by-case basis; what may be a reasonable accommodation for one employee may not be reasonable for another. In *Redmond v. GAF Corp.*, 574 F.2d 897, (7th Cir.1978) the Seventh Circuit noted: 'The term "reasonable accommodation" is a relative term and cannot be given a hard and fast meaning. Each case involving such a determination necessarily depends upon its own facts and circumstances, and comes down to a determination of "reasonableness" under the unique circumstances of the individual employer-employee relationship. The trier of fact is in the best position to weigh these considerations.'"

Again, that's *Smith v. Pyro*, 827 F.2d at 1085.

In this Court's opinion, the issue of whether or not the employer provided a reasonable accommodation is a question of fact. The defendant asserts that its offer to change plaintiff's shift was a reasonable attempt to accommodate plaintiff's religious objections. Plaintiff, however, has come forward with his deposition testimony in which he states that he did not feel that that was a reasonable accommodation since it would have required him to work a late shift and not be able to spend time with his wife.

Therefore, as this Court indicates, a question of fact remains as to whether Condor's offer to allow plaintiff to work as an inspector on the late shift represented, under the facts and circumstances of this case, a reasonable accommodation.

The Supreme Court in *Ansonia* held that once an employer offers a reasonable accommodation, that it need not show that the alternative proposed by the plaintiff would have caused an undue hardship.

However, an issue of fact in this case remains as to the reasonableness of defendant's offer to let plaintiff work a late shift.

The Sixth Circuit stated:

"If the employer's efforts fail to eliminate the employee's religious conflict, the burden remains on the employer to establish that it is unable to reasonably accommodate the employee's religious beliefs without incurring undue hardship." *Smith v. Pyro* at 1085.

█ In this case, Condor asserts that it would cause undue hardship to the morale of the plant if it were to require the men to take down the photos. However, plaintiff has referenced deposition testimony, and counsel in oral argument has referred to testimony which casts doubt on how much importance, in fact, they placed on the photos, and how much of a detrimental effect it would have on them if they were ordered to be taken down.

An issue of fact exists as to how much of a hardship in terms of employee morale it would have been for Condor to have accommodated the plaintiff by requiring the removal of the offensive pictures.

Additionally, the Ninth Circuit has recognized that "proof of co-workers' unhappiness" with a particular accommodation is not enough to cause a hardship. *E.E.O.C. v. Townley Engineering & Manufacturing Co.*, 859 F.2d 610 (9th Cir.1988).

█ Defendant also argues that requiring the employees to remove the pictures would violate those employees' right to free expression. This argument, however, ignores the fact that Condor is a private employer rather than a state actor.

In this Court's opinion, defendant's arguments, that requiring it to take its employees' pictures down would violate their First Amendment rights, must fail. Certainly, the employer, as a private employer, has the right to require that the pictures be taken down, and the exercise of that right would not implicate any First Amendment problems.

For the reasons just stated, the defendant's motion for summary judgment is denied.