_____

No. 95-3373WM
No. 95-3375WM
_____

United States of America,             *
                                       *
            Appellee,                  *    Appeals from the United States
                                       *    District Court for the Western
     v.                                *    District of Missouri.
                                       *
Dale T. DeWitt,      *                 [PUBLISHED]
                                       *
            Appellant.                 *
                   _____

            Submitted:  September 12, 1996

              Filed:  September 19, 1996
                   _____

Before FAGG, BEAM, and MURPHY, Circuit Judges.
                   _____

PER CURIAM.

     After finding a drug laboratory in the home of Dale T. DeWitt, a graduate student in chemistry, the Government brought two indictments against him.  One indictment charged DeWitt with several crimes involving the manufacture of the psychedelic drugs methylenedioxyamphetamine (MDA) and methylenedioxymethamphetamine (MDMA).  DeWitt conditionally pleaded guilty to manufacturing MDMA.  The other indictment charged DeWitt with several drug violations involving the manufacture of methamphetamine.  A jury found DeWitt guilty of all the methamphetamine charges.  In both cases, DeWitt raised the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb-1 through 2000bb-4 (1994) (RFRA), as a bar to prosecution and as a defense.  According to DeWitt, his long-held and sincere religious beliefs require him to manufacture and use psychedelic drugs on a regular basis.

After hearing lengthy testimony from DeWitt at a hearing on the motions to dismiss, a magistrate judge held the First Amendment's Free Exercise Clause does not protect DeWitt's drug activities because his beliefs are not a religion. To decide whether DeWitt's beliefs were religious, the magistrate judge applied factors from Wiggins v. Sargent, 753 F.2d 663, 666 (8th Cir. 1985). See also Malnak v. Yogi, 592 F.2d 197, 207-10 (3d Cir. 1979). The magistrate judge concluded DeWitt's drug activities are not based on and do not implicate the fundamental questions and ultimate concerns the First Amendment was intended to protect, DeWitt's beliefs are not part of a comprehensive system, and DeWitt's beliefs are not associated with any of the external characteristics of traditional religions. The district court adopted the magistrate judge's report and recommendation. In the MDMA case, the district court denied DeWitt's motion to dismiss the charges, and in the case involving methamphetamine, which is not a psychedelic drug, the district court granted the Government's motion in limine and prevented DeWitt from presenting a religious necessity defense. DeWitt appeals.

Under RFRA, neither the state nor the federal government can substantially burden a person's exercise of religion, even through rules of general applicability, unless the government shows the burden furthers a compelling governmental interest and is the least restrictive means of furthering that interest. 42 U.S.C. § 2000bb-1; see id. § 2000bb-3. "Exercise of religion" means the exercise of religion under the First Amendment. Id. § 2000bb-2(4). The First Amendment only protects sincerely held beliefs that are "rooted in religion." Thomas v. Review Bd. of the Indiana Employment Sec. Div., 450 U.S. 707, 713 (1981). "Courts must be cautious in attempting to separate real from fictitious religious beliefs." Ochs v. Thalacker, 90 F.3d 293, 296 (8th Cir. 1996). "[R]eligious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." Thomas, 450 U.S. at 714. Nevertheless, the Free

-2-

Exercise Clause does not protect purely secular views or personal preferences. <u>Frazee v. Illinois Dep't of Employment Sec.</u>, 489 U.S. 829, 833 (1989).

At the hearing on the motions to dismiss, DeWitt testified he is not a member of any organized religion. DeWitt explained his interest lies in out-of-body travel and exploration of psychic travel is his "first essential curiosity." DeWitt stated organized religions do not satisfy his curiosity about the function of chemical compounds, their effectiveness, and their particular effects on out-of-body consciousness. DeWitt also testified his pursuit of the manufacture, study, and use of drugs on a lifelong basis makes his pursuit religious in nature.

DeWitt's pursuit of out-of-body travel is not "rooted in religion." <u>Thomas</u>, 450 U.S. at 713. As the magistrate judge explained, DeWitt seeks the out-of-body experience as an end in itself, rather than as a means of spiritual enlightenment. DeWitt's drug trips are not compelled by any belief or conviction other than his curiosity about out-of-body travel and the extent to which various drugs can "take him there." DeWitt has systematically studied the effects of psychedelic drugs on himself and has taken meticulous notes. This is scientific experimentation, not religion. The larger perspective that drug trips give DeWitt about life are incidental to his pursuit of the drug experience for its own sake. Although DeWitt equates the pursuit of chemistry with the pursuit of God, DeWitt says he is not concerned about the nature of God and declined to say he took drugs to experience God. Because DeWitt's drug use is "nonreligious in motivation," it is not protected under the Free Exercise Clause. <u>Id.</u> at 715.

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.