Matter of Ocasio (City Sch. Dist. of the City of N.Y.--Commissioner of Labor) (2025 NY Slip Op 02375)

Matter of Ocasio (City Sch. Dist. of the City of N.Y.--Commissioner of Labor)

2025 NY Slip Op 02375

Decided on April 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 24, 2025

CV-23-0572
[*1]In the Matter of the Claim of Minerva Ocasio, Appellant. City School District of the City of New York, Respondent. Commissioner of Labor, Respondent.

Calendar Date:March 25, 2025

Before:Egan Jr., J.P., Pritzker, Lynch, Ceresia and Mackey, JJ.

Minerva Ocasio, Bronx, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York City (Chloé K. Moon of counsel), for City School District of the City of New York, respondent.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for Commissioner of Labor, respondent.

Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 15, 2022, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily separated from employment without good cause.
Claimant was notified multiple times in September 2021 and thereafter that, to continue her employment as a teacher, she was required to obtain the first dose of the COVID-19 vaccine by a certain date pursuant to directives of the Mayor and the New York City Commissioner of Health and Mental Hygiene. Pursuant to an arbitration agreement between claimant's teachers' union and the employer, claimant applied for a religious exemption from the vaccine mandate, which the employer denied. Claimant communicated to the employer that she would not be getting vaccinated and was placed on administrative leave without pay on October 4, 2021; she later revoked her resignation and appealed the denial of her religious exemption to the Citywide Appeal Panel (hereinafter the panel). The panel requested further information regarding her prior vaccination history and use of medication; claimant responded, and the panel later denied her request for a religious exemption; when she failed to provide proof that she was vaccinated, her employment was terminated on March 17, 2022.
Claimant's application for unemployment insurance benefits was denied. Following an August 2022 hearing, an Administrative Law Judge upheld that part of the initial determination as found that claimant was disqualified from receiving unemployment insurance benefits in that she voluntarily separated from her employment without good cause. On appeal, the Unemployment Insurance Appeal Board affirmed. While claimant's appeal to this Court was pending, the Board reopened its decision and remanded the matter to hold a further hearing to address whether claimant's sincerely held religious beliefs prevented her from receiving the vaccine. After a remand hearing at which claimant and the employer's human resources representative testified, the Board affirmed the decision of the Administrative Law Judge, concluding that the evidence failed to establish that claimant's noncompliance with the vaccine mandate was based upon sincerely held religious beliefs and that she had voluntarily separated from her employment for personal and secular reasons and, thus, without good cause, disqualifying her from unemployment insurance benefits. Claimant appeals.[FN1]
We affirm. Initially, as the Board recognized, the COVID-19 vaccine mandate was a valid, religion-neutral law of general applicability that involves conduct the state and City of New York are authorized to regulate to address a public health emergency, and such mandates have been upheld against First Amendment challenges in the context of the denial of unemployment insurance benefits for failure to obtain a required vaccine (see Matter of Parks [Commissioner of Labor], 219 AD3d 1099, 1100-1101 [3d Dept 2023], lv [*2]denied 41 NY3d 910 [2024], citing Employment Div., Dept. of Human Resources of Ore. v Smith, 494 US 872, 878-880 [1990]). Moreover, the panel and the Board employed procedures that permitted claimant to demonstrate that her failure to obtain the required vaccine was based upon "sincerely held religious beliefs" rather than "secular convictions," thereby protecting her constitutional rights under the Free Exercise Clause (Frazee v Illinois Dept. of Employment Security, 489 US 829, 833, 834 [1989]; see Keil v City of New York, 2022 WL 619694, *2-4, 2022 US App LEXIS 5791 [2d Cir 2022]; see also Matter of Ferrelli v State of New York, 226 AD3d 504, 506-508 [1st Dept 2024]). Notably, while "the state is not entitled to evaluate the legitimacy of religious beliefs . . . [it] is permitted to assess whether a belief is sincerely held and religious in nature" (Matter of Ventresca-Cohen v DiFiore, 225 AD3d 9, 12 [3d Dept 2024] [internal quotation marks and citation omitted]).
Whether a claimant's conduct is motivated by sincerely held religious beliefs or is based upon secular convictions is a question of fact for the Board to determine (see United States v Seeger, 380 US 163, 185 [1965]; see also Frazee v Illinois Dept. of Employment Security, 489 US at 833). Likewise, "[w]hether a claimant has good cause to leave employment is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence" (Matter of Smith [Roswell Park Cancer Inst. Corp.-Commissioner of Labor], 227 AD3d 1344, 1345 [3d Dept 2024] [internal quotation marks and citations omitted]), "notwithstanding evidence in the record that might support a contrary conclusion" (Matter of Parks [Commissioner of Labor], 219 AD3d at 1100). Prior to the remand hearing, the panel submitted questions to claimant seeking further information regarding the nature and extent of her religious beliefs and opposition to, among other things, vaccines, and her history of being vaccinated and receiving medical treatment, and claimant testified at the remand hearing on those matters. Claimant conceded that she had been advised numerous times between September 2021 and her termination in March 2022 of the requirement that she get the vaccine as a condition of her continued employment and that she did not do so, and there was no dispute that she had ample opportunity both to demonstrate her religious opposition to the vaccine in support of her exemption request and to receive the vaccine (compare Matter of Antonaros [Commissioner of Labor], 223 AD3d 1077, 1078-1079 [3d Dept 2024], with Matter of Smith [Roswell Park Cancer Inst. Corp.-Commissioner of Labor], 227 AD3d at 1346).
The Board found that the record failed to establish that claimant's refusal to receive the mandated COVID-19 vaccine was based upon sincerely held religious beliefs and instead determined that her refusal was for personal and secular reasons. Substantial evidence supports this finding, including claimant's [*3]testimony that she did not hold views opposing vaccines until this vaccine mandate was issued, she was fully vaccinated prior to becoming a teacher and had received influenza vaccines in recent years, she had never previously researched vaccines or requested a religious exemption from a vaccine, and she generally believed in medical intervention and would accept medical treatment if she tested positive for COVID-19. She acknowledged that her church did not oppose vaccines and that she did not discuss this vaccine with church leaders [FN2] and conceded that she would take the vaccine if it were "100[%] effective and safe." Although claimant cited her opposition to the reported use of fetal cells in her responses to the panel's questions on remand, and testified to same, she acknowledged that she first learned about this issue after her request for a religious exemption had been denied, when she started doing research to support that application. Thus, the Board reasonably concluded that this "could not have been a basis for . . . claimant's exemption request in the first instance [but] [r]ather, her statements to the panel were an attempt to bolster her personal opposition to COVID-19 vaccination." Importantly, "[i]ssues of witness credibility, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board" (Matter of Smith [Commissioner of Labor], 228 AD3d 1159, 1160 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Douglas [Commissioner of Labor], 217 AD3d 1311, 1312 [3d Dept 2023]). Under these circumstances, and deferring to the Board's credibility assessments and the inferences to be drawn from claimant's testimony and submissions, which were inconsistent and vague at points, substantial evidence supports the Board's finding that claimant voluntarily refused to comply with the vaccine mandate for personal and secular reasons and not based upon sincerely held religious beliefs and, thus, she left her employment without good cause (see Labor Law § 593 [1]; Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], ___ AD3d ___, ___, 228 NYS3d 501, 505 [3d Dept 2025]; see also Frazee v Illinois Dept. of Employment Sec., 489 US at 833-834).
Claimant's contentions regarding alleged violations of various human rights laws and other proceedings, including her Freedom of Information Law request and CPLR article 78 proceeding, are not properly before us. We have reviewed her remaining claims and find that they lack merit.
Egan Jr., J.P., Lynch, Ceresia and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant filed a notice of appeal to this Court from the Board's original decision, and that appeal was held in abeyance at the request of the Attorney General pending the remand hearing directed by the Board. Although claimant did not file a notice of appeal from the Board's subsequent decision, the merits of that subsequent decision are reviewable on this appeal in that "claimant is aggrieved by that decision in essentially the same manner as she was by the [earlier] appealed-from decision" (Matter of Naher [Commissioner of Labor], 224 AD3d 1202, 1203 [3d Dept 2024] [internal quotation marks and citations omitted]).

Footnote 2: Although a claimant's "membership in an organized religious denomination, especially one with a specific tenet forbidding [the conduct in question], would simplify the problem of identifying sincerely held religious beliefs," a "claim [for] the protection of the Free Exercise Clause" does not require that claimant was "responding to the commands of a particular religious organization" (Frazee v Illinois Dept. of Employment Security, 489 US at 834).