Matter of Salloum (Commissioner of Labor) (2025 NY Slip Op 03109)

Matter of Salloum (Commissioner of Labor)

2025 NY Slip Op 03109

Decided on May 22, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 22, 2025

CV-23-0866
[*1]In the Matter of the Claim of Kristy Salloum, Appellant. Commissioner of Labor, Respondent.

Calendar Date:April 18, 2025

Before:Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ.

Kristy Salloum, Ringoes, New Jersey, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed September 26, 2022, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she separated from employment without good cause, and (2) from a decision of said Board, filed October 26, 2023, which, upon reopening and reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits.
Claimant, a registered nurse who provided direct patient care for the employer hospital, was first advised in August 2021 that she was required to be vaccinated against COVID-19 in order to maintain her employment unless an exemption were granted (see 10 NYCRR 2.61 [eff Aug. 26, 2021, repealed Oct. 4, 2023]). Claimant applied for a religious exemption from the mandate, indicating that she opposed all vaccines on religious grounds, submitting a letter from her online church pastor stating that the denomination opposes all vaccines. After delays due to legal challenges to the vaccine mandate, claimant's request for an exemption was denied and, when she failed to receive the vaccine by the deadline, her employment was terminated. After claimant filed an application for unemployment insurance benefits, the Department of Labor issued an initial determination finding, among other things, that she had voluntarily separated from her employment without good cause. Following a hearing, an Administrative Law Judge sustained the initial determination denying claimant benefits, and that decision was upheld by the Unemployment Insurance Appeal Board in a September 26, 2022 decision, from which claimant took an appeal. During the pendency of the appeal, the Board reopened its decision pursuant to Labor Law § 534 and remanded the matter for a hearing to address claimant's contention that her sincerely held religious beliefs prevented her from receiving the COVID-19 vaccination. Following a remand hearing at which claimant provided additional testimony, the Board, in an October 26, 2023 decision, affirmed the denial of benefits, concluding that claimant failed to demonstrate that her noncompliance with the vaccination mandate was rooted in a sincerely held religious belief and that her voluntary separation from her employment was therefore without good cause, disqualifying her from receiving benefits. Claimant appeals from both Board decisions.
Initially, given that the Board's October 26, 2023 decision rescinded its September 26, 2022 decision, the appeal from the earlier is moot and must be dismissed (see Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d 1121, 1122 n 1 [3d Dept 2025]). Turning to claimant's appeal from the Board's October 26, 2023 decision, we affirm. Under established principles, "[w]hether a claimant has good cause to leave employment is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence[*2], notwithstanding evidence in the record that might support a contrary conclusion" (id. at 1122 [internal quotation marks, brackets and citations omitted]; see Matter of Smith [Roswell Park Cancer Inst. Corp.-Commissioner of Labor], 227 AD3d 1344, 1346 [3d Dept 2024]). Likewise, whether a claimant's conduct is motivated by sincerely held religious beliefs or is instead based upon secular convictions is a question for the Board (see Frazee v Illinois Dept. of Employment Security, 489 US 829, 833 [1989]; United States v Seeger, 380 US 163, 185 [1965]; Matter of Ocasio [City Sch. Dist. of the City of NY-Commissioner of Labor], ___ AD3d ___, ___, 2025 NY Slip Op 02375, *2 [3d Dept 2025]).
Although claimant testified at the initial hearing that she declined the vaccine due to a medical condition and looked into applying for a medical exemption, her physician declined to support that application. She did not submit proof that she had been advised against receiving the vaccine and did not apply for that exemption, but voiced concerns regarding the safety and efficacy of the vaccine. Claimant testified at the remand hearing that she declined the COVID-19 vaccine because she opposes all medicine and vaccines, a position that she has held since her son was born in 2016 with an unknown medical condition and developmental delays that she attributes to vaccines or medicine, and which caused her to reexamine her religious and health-related beliefs, adopt a different lifestyle and eschew medicine or vaccinations for herself and her children. She testified to her religious beliefs, which evolved following the birth of her son, and stated that, during the pandemic, she joined an online church that opposes all vaccines.
While the Board did not question that claimant is a religious person, it found that she failed to establish that her "refusal to receive the mandated COVID-19 vaccine was based upon sincerely held religious beliefs [and that] the credible evidence establishe[d] that [her] decision was based upon personal, secular and safety concerns about medications and vaccinations as a whole, that predated the pandemic and stemmed from her son's serious health issues." In finding that her refusal was based upon safety and health concerns, the Board relied upon, among other factors, claimant's equivocal testimony as to whether she would receive the vaccine in the future, the timing of her affiliation with the online church — i.e., after she was advised of the vaccine mandate — and her lack of knowledge of the church's doctrines or tenets and the reasons behind its opposition to vaccines. Given that "[i]ssues of witness credibility, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board," and the Board's inferences and conclusions here are supported by substantial evidence, they are conclusive (Matter of Smith [Commissioner of Labor], 228 AD3d 1159, 1160 [3d Dept 2024] [internal quotation marks and citations [*3]omitted]; see Matter of Fisher [Levine], 36 NY2d 146, 150 [1975]). Deferring to the Board's credibility determinations and inferences drawn from the testimony and evidence, we find that substantial evidence supports the Board's finding that claimant voluntarily left her employment without good cause and was therefore disqualified from receiving unemployment insurance benefits (see Labor Law § 593 [1]; Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d at 1123). Claimant's remaining contentions are either not properly raised in this proceeding or lack merit.
Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the appeal from the September 26, 2022 decision is dismissed, as moot, without costs.
ORDERED that the October 26, 2023 decision is affirmed, without costs.