Matter of Des Abbayes (Commissioner of Labor) (2025 NY Slip Op 03841)

Matter of Des Abbayes (Commissioner of Labor)

2025 NY Slip Op 03841

Decided on June 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 26, 2025

536054
[*1]In the Matter of the Claim of Charlotte Nicollon Des Abbayes, Appellant. Commissioner of Labor, Respondent.

Calendar Date:June 5, 2025

Before:Clark, J.P., Pritzker, Lynch, Ceresia and Fisher, JJ.

Bryant & Pipenger, LLP, Mineola (Matthew Bryant of counsel), for appellant.
Letitia James, Attorney General, New York City (Dawa Jung-Acosta of counsel), for respondent.

Pritzker, J.
Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed August 15, 2022, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily separated from employment without good cause, and (2) from a decision of said Board, filed December 18, 2023, which, upon reopening and reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits.
Claimant, who worked for the employer from approximately 2016 until October 16, 2021, was advised by her employer on or about August 15, 2021 that, in order to maintain her employment, she was required to receive a COVID-19 vaccination by September 15, 2021 due to a New York City emergency executive order mandating COVID-19 vaccination for, among others, employees in claimant's industry. Claimant did not submit an exemption and/or accommodation request. Following the end of claimant's employment due to her failure to comply with the vaccination requirement, she filed a claim for unemployment insurance benefits. The Department of Labor subsequently issued an initial determination disqualifying claimant from receiving benefits, effective October 16, 2021, because, among other things, she had voluntarily separated from her employment without good cause. Following a hearing, an Administrative Law Judge sustained the initial determination denying claimant benefits on the ground that claimant voluntarily separated from her employment without good cause, and that decision was upheld by the Unemployment Insurance Appeal Board in an August 2022 decision, from which claimant took an appeal. During the pendency of the appeal, the Board reopened its decision pursuant to Labor Law § 534 and remanded the matter for a hearing to address claimant's contention that her sincerely held religious beliefs prevented her from receiving the COVID-19 vaccination. Following a November 2023 hearing at which claimant provided additional testimony, the Board, in a December 2023 decision, affirmed the denial of benefits, concluding that claimant failed to demonstrate that her noncompliance with the vaccination mandate was rooted in a sincerely held religious belief and that her voluntary separation from her employment was therefore without good cause, disqualifying her from receiving benefits. Claimant appeals.
Initially, given that the Board's December 2023 decision rescinded its August 2022 decision, the appeal from the earlier decision is moot and must be dismissed (see Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d 1121, 1122 n 1 [3d Dept 2025]). Turning to claimant's appeal from the Board's December 2023 decision, we affirm. Under established principles, "[w]hether a claimant has good cause to leave employment is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence, notwithstanding [*2]evidence in the record that might support a contrary conclusion" (id. at 1122 [internal quotation marks, brackets and citations omitted]; see Matter of Smith [Roswell Park Cancer Inst. Corp.-Commissioner of Labor], 227 AD3d 1344, 1345 [3d Dept 2024]). Likewise, whether a claimant's conduct is motivated by sincerely held religious beliefs or is based upon secular convictions is a question for the Board (see Frazee v Illinois Dept. of Employment Security, 489 US 829, 833 [1989]; United States v Seeger, 380 US 163, 185 [1965]; Matter of Ocasio [City Sch. Dist. of the City of NY-Commissioner of Labor], 237 AD3d 1412, 1414 [3d Dept 2025]).
At the initial hearing, claimant testified that she declined to be vaccinated because of her beliefs and morals and, more specifically, her opinion that her immune system was adequate as is and that she could place her trust in God. Then, prior to the December 2023 remand hearing, the Board directed that claimant should be prepared to explain how her religious beliefs, or a tenet of her religion, prohibited her receipt of the vaccine and advised claimant that, if she failed to offer such evidence and/or testify regarding the basis for request for a religious exemption, such failure could result in an adverse inference being taken by the Board. At the remand hearing, claimant was unable and/or refused to answer the questions inquiring into the basis of her religious beliefs and how any such beliefs prevented her from receiving a COVID-19 vaccine. As a result of her refusal to answer these questions — which included inquiries about what religion she identifies with, whether and how she currently practices her religion and whether she ever discussed the COVID-19 vaccine with a pastor or spiritual adviser in her church — the Board drew an adverse inference against claimant and found that her reasons in support of her refusal to be vaccinated were personal and secular in nature and did not constitute a compelling reason for her noncompliance with the vaccination mandate. Given the foregoing, and deferring to the Board's credibility determinations and inferences drawn from the testimony and evidence, we find that substantial evidence supports the Board's finding that claimant voluntarily left her employment without good cause and was therefore disqualified from receiving unemployment insurance benefits (see Labor Law § 593 [1]; Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d at 1123). Claimant's remaining contentions are either not properly raised in this proceeding or lack merit.
Clark, J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the appeal from the August 15, 2022 decision is dismissed, as moot, without costs.
ORDERED that the December 18, 2023 decision is affirmed, without costs.