Matter of Cooper (Commissioner of Labor) (2025 NY Slip Op 03847)

Matter of Cooper (Commissioner of Labor)

2025 NY Slip Op 03847

Decided on June 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 26, 2025

CV-23-0839
[*1]In the Matter of the Claim of Amber Cooper, Appellant. Commissioner of Labor, Respondent.

Calendar Date:May 23, 2025

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Amber Cooper, Bronx, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 6, 2022, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she separated from employment without good cause.
In or about late August 2021, pursuant to a state regulation (see 10 NYCRR former 2.61), claimant was informed by her employer, a teaching hospital, that she was required to be vaccinated against COVID-19 by a specified date to continue her employment. In September 2021, claimant applied in writing for a religious exemption from the vaccination requirement. Claimant's request was denied and her employment was ultimately terminated. When claimant applied for unemployment insurance benefits, the Department of Labor issued an initial determination finding that claimant was disqualified from receiving unemployment insurance benefits because she had committed misconduct in connection with her employment. Following a hearing, an Administrative Law Judge overruled the initial finding of misconduct but sustained the initial determination denying claimant benefits on the alternative ground that claimant voluntarily separated from her employment without good cause. The Administrative Law Judge's decision was upheld by the Unemployment Insurance Appeal Board in an October 2022 decision, from which claimant took an appeal. During the pendency of the appeal, the Board reopened its decision pursuant to Labor Law § 534 and remanded the matter for a hearing to address, among other things, claimant's contention that her sincerely held religious beliefs prevented her from receiving the COVID-19 vaccination. Following a rehearing at which claimant provided additional testimony, the Board, in a November 2023 decision, affirmed the denial of benefits, concluding that claimant failed to demonstrate that her noncompliance with the vaccination mandate was rooted in a sincerely held religious belief and that her voluntary separation from her employment was therefore without good cause, disqualifying her from receiving benefits. Claimant's subsequent applications for reconsideration and/or reopening were denied by the Board.[FN1]
We affirm. "Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence, notwithstanding evidence in the record that might support a contrary conclusion" (Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d 1121, 1122 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; see Matter of Smith [Roswell Park Cancer Inst. Corp.-Commissioner of Labor], 227 AD3d 1344, 1345 [3d Dept 2024]). Likewise, whether a claimant's conduct is motivated by sincerely held religious beliefs or is based upon secular convictions is a question for the Board (see Frazee v Illinois Dept. of Employment Security, 489 US 829, 833 [1989]; United States v Seeger, 380 US 163, 185 [1965[*2]]; Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d 1412, 1414 [3d Dept 2025]).
In her written religious exemption request, claimant stated that she did not want to get the COVID-19 vaccine because, as a Christian, she believes, among other things, that it is immoral to be forced to consume or take any substance into her body against her will, which she also views as "unethical and intrusive," and that the vaccination process created feelings "of anxiety and discord for" her. Claimant subsequently expressed her additional concern to her employer that she did not want to "put something into [her] body that would increase the probability of [her] not being able to bear a child." Claimant testified that, as a Baptist Christian, she believes God is her healer, that God heals all things, and that she generally does not take any medications (except for natural and herbal remedies) or "get the flu vaccine." At the remand hearing, claimant conceded that her Baptist faith encourages the use of modern medicine but averred that such use remains her personal choice. Claimant also acknowledged that her mother, also a Baptist, got vaccinated, and that several Baptist pastors that she spoke to about the vaccine told her that she should get vaccinated or that it was her choice. Claimant explained that no one could influence her personal decision to get vaccinated and that she was concerned about the vaccine's "fast production," "side effects," "complications," "experimental" nature, lack of "long enough" testing and potential negative impact upon her fertility. Given claimant's expressed reasons for her refusal to obtain the COVID-19 vaccine — which mostly involved safety and other secular concerns — and mindful that we defer to the Board's credibility assessments and the inferences to be drawn from claimant's testimony and submissions, we find that substantial evidence supports the Board's finding that claimant voluntarily refused to comply with the vaccine mandate for personal and secular reasons rather than sincerely held religious beliefs and, thus, she left her employment without good cause (see Labor Law § 593 [1]; Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d at 1415-1416; Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d at 1122). Claimant's remaining contentions are either not properly raised in this proceeding or lack merit.
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant filed a notice of appeal to this Court from the Board's original decision, and that appeal was held in abeyance at the request of the Attorney General pending the remand hearing directed by the Board. "Although claimant did not file a notice of appeal from the Board's subsequent decision, the merits of that subsequent decision are reviewable on this appeal in that claimant is aggrieved by that decision in essentially the same manner as she was by the earlier appealed-from decision" (Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d 1412, 1413 n 1 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]).