Matter of Glowatz (City of New York--Commissioner of Labor) (2025 NY Slip Op 04280)

Matter of Glowatz (City of New York--Commissioner of Labor)

2025 NY Slip Op 04280

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CV-23-2273
[*1]In the Matter of the Claim of Jeffrey Glowatz, Appellant. City of New York, Respondent. Commissioner of Labor, Respondent.

Calendar Date:June 20, 2025

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Bryant & Pipenger, LLP, Mineola (Matt Bryant of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York City (ChloÉ K. Moon of counsel), for City of New York, respondent.
Letitia James, Attorney General, New York City (Dawa Jung-Acosta of counsel), for Commissioner of Labor, respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 3, 2023, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he separated from employment without good cause.
In October 2021, claimant was notified by his employer that, to continue his employment, he was required to obtain the first dose of the COVID-19 vaccine by a certain date pursuant to directives of the Mayor and the New York City Commissioner of Health and Mental Hygiene. Claimant submitted a written reasonable accommodation request from the vaccination requirement for religious reasons, and he continued to work during the pendency of his request. In December 2021, the employer denied claimant's exemption request, finding that claimant had provided insufficient or missing religious documentation, that he failed to explain how religious tenets conflict with the vaccination requirement and that he had no history of vaccination/medication refusals. Claimant filed for retirement and stopped working on the last day he could submit verification of vaccination, and thereafter applied for unemployment insurance benefits. The Department of Labor subsequently issued an initial determination finding, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he had voluntarily separated from his employment without good cause. Following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained that portion of the Department's initial determination disqualifying claimant from receiving benefits on the ground that claimant voluntarily separated from his employment without good cause. Upon administrative review, the Unemployment Insurance Appeal Board remanded the matter and directed claimant to provide testimony and other evidence to establish the relevant doctrines of his religious beliefs, whether and how he practices those beliefs, whether those beliefs impact his decision to receive other vaccinations and/or to seek other medical treatment, and whether claimant's decision not to be vaccinated was based upon safety concerns. Upon claimant's failing to make such a showing at the remand hearings, the ALJ, as relevant here, once again sustained that portion of the initial determination disqualifying claimant from receiving benefits on the ground that claimant voluntarily separated from his employment without good cause. Claimant sought administrative review, and the Board summarily affirmed the decision of the ALJ in a November 2023 decision, from which claimant appealed. During the pendency of the appeal, the Board reopened, pursuant to Labor Law § 534, its prior decision "to consider all issues." In an October 2024 decision, the Board affirmed the disqualification of claimant from receiving benefits, concluding that claimant failed to demonstrate that his noncompliance with the COVID-19 vaccination mandate was rooted in a sincerely held religious belief and that his voluntary [*2]separation from his employment was therefore without good cause.[FN1]
We affirm. "Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence, notwithstanding evidence in the record that might support a contrary conclusion" (Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d 1121, 1122 [3d Dept 2025] [internal quotation marks, brackets and citation omitted]; see Matter of Smith [Roswell Park Cancer Inst. Corp.-Commissioner of Labor], 227 AD3d 1344, 1346 [3d Dept 2024]). Likewise, whether a claimant's conduct is motivated by sincerely held religious beliefs or is based upon secular convictions is a question for the Board (see Frazee v Illinois Dept. of Employment Security, 489 US 829, 833 [1989]; United States v Seeger, 380 US 163, 185 [1965]; Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d 1412, 1414 [3d Dept 2025]).
In his written religious exemption request, claimant explained that, "[a]s [an] ordained Christian [p]astor and [c]haplain," he could not receive the vaccine as it was "derived from aborted fetal cells." At the original hearing, claimant testified that he could not obtain the COVID-19 vaccine due to his conscience and belief in God through prayer, which led him to believe that the vaccine was not something he should take. Claimant also explained that the vaccine was allegedly derived from aborted fetal cells, the purported use of which violates his interpretation of God's Sixth Commandment prohibiting murder. Despite being directed to provide additional evidence and testimony at the remand hearings concerning, among other things, how his religious beliefs affected his decision not to get vaccinated, claimant twice was unable and/or refused to do so, and no testimony was therefore provided. As a result of his refusals, the Board drew an adverse inference against claimant and found that his reasons in support of his refusal to be vaccinated were personal and secular in nature. Under these circumstances, and deferring to the Board's credibility assessments and the inferences to be drawn from claimant's testimony and submissions and, in particular, his failure to submit additional evidence on remand, we find that substantial evidence supports the Board's determination that claimant's noncompliance with the employer's mandate was not based upon a sincerely held religious belief and that, as a consequence, claimant's separation from his employment was without good cause (Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d at 1414; Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d at 1123-1124). To the extent that claimant's remaining contentions are properly before us, they have been considered and found to be without merit.
Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ[*3]., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant filed a notice of appeal to this Court from the Board's original decision, and that appeal was held in abeyance at the request of the Attorney General pending the remand hearing directed by the Board. "Although claimant did not file a notice of appeal from the Board's subsequent decision, the merits of that subsequent decision are reviewable on this appeal in that claimant is aggrieved by that decision in essentially the same manner as [he] was by the earlier appealed-from decision" (Matter of Ocasio v City Sch. Dist. of the City of N.Y. [Commissioner of Labor], 237 AD3d 1412, 1413 n 1 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]).