Matter of Palmieri (Commissioner of Labor) (2025 NY Slip Op 06102)

Matter of Palmieri (Commissioner of Labor)

2025 NY Slip Op 06102

Decided on November 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 6, 2025

CV-23-0574
[*1]In the Matter of the Claim of Debra Palmieri, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 3, 2025

Before:Aarons, J.P., Ceresia, Fisher, McShan and Powers, JJ.

Debra Palmieri, Staten Island, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 26, 2022, which ruled that claimant was disqualified from receiving unemployment insurance benefits because claimant voluntarily separated from employment without good cause.
In September 2021, claimant was notified by her employer, a bioreference laboratory, that employees like claimant in patient-facing roles were required to obtain a COVID-19 vaccine by October 31, 2021 to continue their employment. Claimant submitted a written religious exemption request seeking to be exempt from the vaccination requirement, which request the employer denied in October 2021. When claimant's employment was ultimately terminated for her failure to obtain the COVID-19 vaccination, she applied for unemployment insurance benefits. The Department of Labor subsequently issued an initial determination finding, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she had voluntarily separated from her employment without good cause. Following a hearing, an Administrative Law Judge, as relevant here, sustained the initial determination, and that decision was upheld by the Unemployment Insurance Appeal Board in a July 2022 decision, from which claimant appealed.
During the pendency of the appeal, the Board reopened its decision pursuant to Labor Law § 534 and remanded the matter for a hearing to address, among other things, claimant's contention that her sincerely held religious beliefs prevented her from receiving the COVID-19 vaccination. Following a February 2024 hearing at which claimant provided additional testimony, the Board, in a March 2024 decision, affirmed claimant's disqualification from receiving benefits, concluding that claimant failed to demonstrate that her noncompliance with the COVID-19 vaccination mandate was rooted in a sincerely held religious belief. Claimant appeals.[FN1]
We affirm. "Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence, notwithstanding evidence in the record that might support a contrary conclusion" (Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d 1121, 1122 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; see Matter of Smith [Roswell Park Cancer Inst. Corp.-Commissioner of Labor], 227 AD3d 1344, 1346 [3d Dept 2024]). Similarly, whether a claimant's conduct is motivated by sincerely held religious beliefs or is based upon secular convictions is a question for the Board (see Frazee v Illinois Dept. of Employment Sec., 489 US 829, 833 [1989]; United States v Seeger, 380 US 163, 185 [1965]; Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d 1412, 1414 [3d Dept 2025], lv denied ___ NY3d ___ [Oct. 23, 2025]).
In her accommodation request, claimant stated that she declined to be vaccinated because [*2]of her Christian faith through which she believed that her body is a sacred temple for the Holy Spirit and, among other things, that she wants to keep her blood sacred and uncorrupted from the COVID-19 vaccine that she alleges is, among other things, derived from aborted fetal cells. At the initial hearing, claimant added that she has serious medical issues and that receiving the vaccine would not have been in her health's best interests. Claimant further explained that putting any foreign substance in her body is going against the principal beliefs of her faith. At the remand hearing, claimant testified to attending a nondenominational Christian service weekly, though she could not recall whether her pastor spoke to the membership about COVID-19 vaccines, and she conceded she had never directly asked the pastor about the vaccines.[FN2] Claimant also expounded upon her safety concerns regarding the COVID-19 vaccine, explaining that it was experimental and contained chemical compounds and harmful ingredients. Claimant conceded that, although she has taken other vaccines and medications without researching their ingredients or development, she does not trust science. Having already contracted COVID-19, claimant also explained that she did not need to get vaccinated given her natural immunity. Under these circumstances, and deferring to the Board's credibility assessments and the inferences to be drawn from claimant's testimony and submissions, which varied at points regarding her reason for not getting vaccinated, substantial evidence supports the Board's finding that claimant voluntarily refused to comply with the vaccine mandate for personal and secular reasons, including her safety concerns, and not based upon sincerely held religious beliefs and, thus, she left her employment without good cause (see Labor Law § 593 [1]; Matter of Glowatz [City of New York-Commissioner of Labor], 240 AD3d 1091, 1093 [3d Dept 2025]; Matter of Cooper [Commissioner of Labor], 239 AD3d 1209, 1210 [3d Dept 2025]; Matter of Monturo [Commissioner of Labor], 239 AD3d 1206, 1208-1209 [3d Dept 2025]). Claimant's remaining contentions are either not properly raised in this proceeding or lack merit.
Aarons, J.P., Ceresia, Fisher, McShan and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant filed a notice of appeal to this Court from the Board's original decision, and that appeal was held in abeyance at the request of the Attorney General pending the remand hearing directed by the Board. "Although claimant did not file a notice of appeal from the Board's subsequent decision, the merits of that subsequent decision are reviewable on this appeal in that claimant is aggrieved by that decision in essentially the same manner as she was by the earlier appealed-from decision" (Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d 1412, 1413 n 1 [3d Dept 2025] [internal quotation marks, brackets and citations omitted], lv denied ___ NY3d ___ [Oct. 23, 2025]).

Footnote 2: "Although a claimant's 'membership in an organized religious denomination, especially one with a specific tenet forbidding [the conduct in question], would simplify the problem of identifying sincerely held religious beliefs,' a 'claim [for] the protection of the Free Exercise Clause' does not require that claimant was 'responding to the commands of a particular religious organization' " (Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d at 1415 n 2, quoting Frazee v Illinois Dept. of Employment Sec., 489 US at 834).